OPINION
{¶ 1} Defendant-appellant, Crystal Johnson, appeals her eighteen-month prison sentence for aggravated assault in the Mahoning County Common Pleas Court, following her guilty plea.
 {¶ 2} Following an apparent stabbing, on August 16, 2007, Johnson was charged in Youngstown Municipal Court with felonious assault, in violation of R.C. 2903.11, a second-degree felony. She subsequently waived the preliminary hearing in municipal court and requested that the matter be bound over to the Mahoning County Common Pleas Court for grand jury proceedings. On October 17, 2007, the grand jury returned an indictment charging Johnson with one count of felonious assault, in violation of R.C. 2903.11(A)(2)(D), a second-degree felony. Johnson pleaded not guilty and the trial court appointed her counsel. Thereafter, the matter was continued while the parties engaged in Crim. R. 11 plea negotiations.
 {¶ 3} On January 31, 2008, apparently as a result of the plea negotiations, plaintiff-appellee, State of Ohio, moved the trial court to amend the indictment and reduce the charge against Johnson to one count of aggravated assault, in violation of R.C. 2903.12(A)(1)(B), a fourth-degree felony. The court granted the motion and Johnson pleaded guilty to the amended indictment.
 {¶ 4} On March 19, 2008, the trial court conducted Johnson's sentencing hearing. The State recommended an eighteen-month term of imprisonment. As anticipated, the victim did not appear at the hearing. Johnson's trial counsel pushed for community control, emphasizing that Johnson had completed anger management and other courses while in jail. Her counsel acknowledged that the presentence investigation report recommended imprisonment based on a "number" of misdemeanor convictions, some of which apparently had resulted from felony charges being reduced. Her counsel indicated that Johnson has emotional problems for which she has been unable to seek treatment due to lack of funds. He also pointed out that Johnson has children which she had not seen in a while. Johnson herself explained that the victim was a friend of hers. She admitted stabbing the victim, but maintained that it was a defensive reaction to being placed in a chokehold by the victim. She also pointed out to the court that she has five children, *Page 2 
acknowledged her need for emotional help, and expressed remorse for committing a crime.
 {¶ 5} In reaching its sentencing decision, the trial court acknowledged consideration of the purposes and principles of sentencing found in R.C. 2929.11. The court then noted the presence of a seriousness factor under R.C. 2929.12(B) in that the victim suffered serious harm. As for the recidivism factors under R.C. 2929.12(D), the court observed that Johnson was more likely to recidivate because of her history of violence and the fact that she was on probation in three different jurisdictions at the time of the offense. The court sentenced Johnson to eighteen months in prison, the maximum term authorized for a fourth-degree felony. R.C. 2929.14(A)(4). In reaching that decision, the court concluded that Johnson was not amenable to community control sanctions and had failed to overcome the presumption of imprisonment found in R.C. 2929.13(D). This appeal followed.
 STANDARD OF REVIEW {¶ 6} Our review of felony sentences is now a very limited, two-fold approach, as outlined by the recent plurality opinion in State v.Kalish, Slip Opinion No. 2008-Ohio-4912, at ¶ 26. The first step requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the sentencing court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶ 17 (O'Connor, J., plurality opinion). Thus, an abuse of discretion is used to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 17 (O'Connor, J., plurality opinion).
 R.C. 2929.13(D) — PRESUMPTION OF IMPRISONMENT *Page 3 {¶ 7} Johnson raises a total of four assignments of error, each aimed at her sentence. Since Johnson's second assignment of error is dispositive of this appeal, it alone will be addressed. It states:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT/APPELLANT TO SERVE A PRISON TERM HEREIN BECAUSE `THE DEFENDANT FAILED TO OVERCOME THE PRESUMPTION OF IMPRISONMENT UNDER R.C. 2929.13(D).'"
 {¶ 9} There is a presumption in favor of a prison term for first-and second-degree felonies and certain felony drug offenses. R.C. 2929.13(D). Contrary to the trial court's explicit conclusion to the contrary, there is not a presumption in favor of a prison term for fourth-degree felonies. R.C. 2929.13(B). When sentencing an offender for a fourth-degree felony offense, the court is required to determine if certain factors existed concerning the offender's conduct in connection with the offense, the nature of the offense, or his status at the time of the offense. R.C. 2929.13(B)(1)(a)-(i). If the court does make a finding based on the existence of one of the R.C. 2929.13(B)(1)(a)-(i) factors, then the court, after considering R.C. 2929.12's factors, finds that a prison term is consistent with R.C. 2929.11's purposes and principles of sentencing and finds that the offender is not amenable to an available community control sanction, the court shall impose aprison term upon the offender. R.C. 2929.13(B)(2)(a). However, if the court does not make a finding based on the existence of one of the R.C. 2929.13(B)(1)(a)-(i) factors, then the court, after considering R.C. 2929.12's factors, finds that a community control sanction orcombination of community control sanctions is consistent with the R.C. 2929.11's purposes and principles of sentencing, the court shall impose a community control sanction or combination of community controlsanctions upon the offender.
 {¶ 10} In response, the State acknowledges the error, but characterizes it as harmless.
 {¶ 11} In this case, Johnson was convicted of a fourth-degree felony and the trial court sentenced her to the maximum term of eighteen months in prison. As indicated, sentencing for fourth-degree felonies involves a hybrid situation where *Page 4 
there are no presumptions in favor of prison — the court was free to impose a prison term or community control sanctions. The court was required to impose a prison term only if it found certain factor(s) to exist under R.C. 2929.13(B)(1)(a)-(i). Rather, the court explicitly applied the presumption of imprisonment for first-and second-degree felonies and certain felony drug offenses found in R.C. 2929.13(D). Since Johnson's offense does not fall within that category of offenses, that presumption was not applicable to Johnson's case.
 {¶ 12} It is simply unfair to apply a presumption where there is none. Although the trial court considered the relevant statutory factors and concluded that Johnson was not amenable to community control sanctions, the court proceeded on the presumption that a prison term was favored. A hurdle to freedom from confinement was placed before Johnson that she was probably unaware of, had no reason to expect, and simply did not apply to her situation. In sum, applying the presumption of imprisonment in R.C. 2929.13(D) to Johnson's case reveals that the trial court did not comply with all applicable rules and statutes in imposing the sentence and rendered the sentence clearly and convincingly contrary to law.
 {¶ 13} Accordingly, Johnson's second assignment of error has merit.
 {¶ 14} Johnson's remaining three assignments or error are rendered moot since they too take issue with the sentence and our disposition of her second assignment of error requires that we reverse her sentence and remand the matter to the trial court for resentencing. App. R. 12(A)(1)(c).
 {¶ 15} The judgment of the trial court is hereby reversed and remanded for resentencing according to law and consistent with this court's opinion.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1