[Cite as *State v. Bellard*, 2013-Ohio-2956.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 97 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| FABIAN BELLARD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. 12 CR 104.


JUDGMENT:      Reversed and Remanded for
Resentencing.


APPEARANCES:
For Plaintiff-Appellee:      Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH 44503

For Defendant-Appellant:      Attorney Andrew Zellers
3810 Starrs Centre Drive
Canfield, OH 44406


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


Dated: June 20, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, Fabian Bellard appeals the May 14, 2012 judgment of the Mahoning County Court of Common Pleas convicting him of one count of aggravated robbery with a firearm specification, two counts of having weapons while under disability, and one count of carrying a concealed weapon, and sentencing him accordingly. On appeal, Bellard challenges only his sentence, and his assignment of error is meritorious in part. The trial court did not make the required findings when imposing consecutive sentences pursuant to R.C. 2929.14(C)(4) as amended by H.B. 86, effective September 30, 2011. Accordingly, the judgment of the trial court with regard to Appellant's sentence is reversed and this cause is remanded for resentencing.

## Facts and Procedural History

{¶2} On February 23, 2012, Bellard was indicted by the Mahoning County Grand Jury on one count of aggravated robbery, R.C. 2911.01(A)(1)(C), a first-degree felony, with a firearm specification pursuant to R.C. 2941.145(A); two counts of having weapons while under disability, R.C. 2923.13(A)(2)(B), third-degree felonies; and one count of carrying concealed weapons, R.C. 2923.12(A)(2)(F), a fourth-degree felony. Bellard was accused of robbing a pizza delivery person at gunpoint. The first weapons under disability count stemmed from the robbery itself and the second when Bellard was arrested with a firearm in his possession. Bellard was arraigned, pled not guilty and counsel was appointed. He executed a speedy trial waiver.

{¶3} Bellard later entered into a Crim.R. 11 plea agreement with the State agreeing to plead guilty to all charges in the indictment; in exchange the State agreed to recommend a six-year aggregate prison sentence. At the plea hearing the trial court engaged in a colloquy with Bellard regarding the rights he would give up by pleading guilty. Notably, the trial court forewarned Bellard that it was not required to follow the State's sentencing recommendation. At the end of the hearing, the trial court accepted Bellard's plea as knowingly, voluntarily and intelligently made. Bellard waived his right to a pre-sentence investigation.

{¶4} At sentencing, the State kept its promise to recommend a six-year sentence. The State explained that the victim was notified about the sentencing hearing.

Although the victim did not wish to appear and give a statement, he told the prosecutor he was satisfied with the recommended sentence. Counsel for both sides made arguments in favor of the jointly recommended sentence. The trial court asked Bellard if he had anything to say before the sentence was imposed, and Bellard gave a brief statement in mitigation.

{¶5} After considering, inter alia, Bellard's statement and the arguments made by counsel, Bellard's criminal history, the seriousness of the offenses, and the circumstances under which the offenses were committed, the trial court sentenced Bellard to a total of eight years in prison. The trial court sentenced Bellard to four years on the aggravated robbery charge; one year on each of the weapons under disability charges and on the carrying a concealed weapon charge, to be served concurrently with one another but consecutively to the aggravated robbery charge; and a mandatory three-year term for the firearm specification, which by law was imposed consecutively to the other counts. The trial court informed Bellard that upon completion of his sentence he would have a mandatory five year term of post-release control, and explained the consequences of violating post-release control. The trial court also gave Bellard 108 days of jail-time credit.

### Felony Sentencing

{¶6} In his sole assignment of error, Bellard asserts:

{¶7} "The trial court's sentence of the Defendant-Appellant was inconsistent with the sentencing principles and guidelines set forth in O.R.C. 2929.11 through O.R.C. 2929.19 and thus contrary to law."

{¶8} The parties dispute the appropriate standard of review to apply when a felony sentence is challenged on appeal. Although Bellard is correct that the two-part test in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was not approved by a majority of Ohio Supreme Court justices, this district has adopted the *Kalish* plurality test, s*ee State v. Johnson*, 7th Dist. No. 08MA72, 2008-Ohio-6206, and consistently applies it. *See, e.g., State v. McGowan,* 7th Dist. No. 09 JE 24, 2010-Ohio-1309, ¶66.

{¶9} Pursuant to the *Kalish* plurality, when reviewing a felony sentence, an

appellate court first examines the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4 (O'Connor, J., plurality opinion). A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* at ¶15 (O'Connor, J., plurality opinion). An appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Kalish* at ¶17, 19-20 (O'Connor, J., plurality opinion). An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough. *See Bergman v. Bergman,* 2d Dist. No. 25378, 2013-Ohio-715, ¶9; *Hall–Davis v. Honeywell, Inc.,* 2d Dist. Nos. 2008 CA 1, 2008 CA 2, 2009-Ohio-531, ¶35.

**{¶10}** Turning to the first prong of the *Kalish* test, Bellard was afforded his allocution rights pursuant to Crim.R. 32(A)(1). The trial court asked Bellard if he had anything to say before the sentence was imposed, and Bellard gave a brief statement in mitigation. The trial court properly notified Bellard that upon his release from prison he would be subject to a mandatory five-year period of post-release control and explained the ramifications of violating post-release control. R.C. 2967.28(B)(1). And the eight-year aggregate prison sentence Bellard received is well within the six-year to twenty-one-and-a-half-year aggregate statutory range for these offenses. *See* R.C. 2929.14(B)(1)(a)(ii), R.C. 2929.19.14(A)(1); R.C. 2929.14(A)(3)(b); R.C. 2929.14(A)(4).

**{¶11}** Further, in its sentencing entry, the trial court stated it had considered the purposes and principles of felony sentencing and the sentencing factors. *See* R.C. 2929.11 and R.C. 2929.12. Contrary to Bellard's contentions, it is not required that the sentencing court state on the record at the sentencing hearing that it has considered these statutes. In fact, even in the case of a completely silent record—no mention of the factors in the entry or the hearing—this court has held that "it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so" unless the sentence is strikingly inconsistent' with the applicable factors."

*State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50. *See also State v. Parsons*, 7th Dist. No. 12 BE 11, 2013-Ohio-1281, ¶12. Given the facts in the record in light of the silent record presumption, even without the trial court's statement in the sentencing entry noted above, Bellard's sentence reflects that the trial court did consider R.C. 2929.11 and R.C. 2929.12.

### R.C. 2929.14(C)(4) Consecutive Sentencing Requirements

{¶12} However, with the effective date of House Bill 86 on September 30, 2011, there are now additional requirements when a trial court imposes consecutive sentences. Bellard's sentencing hearing was held May 10, 2012.

{¶13} Specifically, R.C. 2929.14(C)(4) now provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future

crime by the offender.

**{¶14}** After Bellard made his statement in mitigation of punishment, explaining that he made a "bad decision" and would "own up" to his actions, the trial court stated the following:

> THE COURT: Well, there are a lot of people out there making bad decisions, I guess. And a bad decision may be, you know, you buy one car instead of a different car. You pay a little more for something to eat at a restaurant than another. But taking a gun and sticking it in somebody's face is a whole lot more than a bad decision. That's a – an act of extreme evil. That's something that goes beyond some decision that somebody makes.
>
> Here's a guy who's trying to make a living delivering pizza, honors the call that you make, because that's how he makes a living. Probably not much of a living. And then he shows up for this contract that you made with him; I bring a pizza, you give me the money, and he gets a gun shoved in his face. Wow. And then a gun that apparently because it's a weapons under disability means you've been in trouble before as a juvenile under indictment - - was under indictment *  * * for having been convicted of an offense involving a felony of violence. Robbery.
>
> So it looks like more than just one bad decision. It looks like a series of bad decisions to me. I respectfully disagree with the prosecutor's assessment that this is a - - the recommended sentence [6 years] is stiff. I don't think it is at all.

**{¶15}** The trial court then explained that it viewed the two counts of having weapons under disability and one count of carrying a concealed weapon, as "maybe not completely legally duplicative, but obviously logically duplicative. But this guy's been in trouble before, and he's running around with a gun, and he stays in trouble, and I can't

have that."

**{¶16}** The trial court then ordered that the two counts of having weapons under disability and one count of carrying a concealed weapon, to run concurrently with one another but consecutively to the aggravated robbery count.

**{¶17}** Although the trial court made some general statements about the seriousness of Bellard's conduct and his juvenile criminal history, this does not constitute sufficient findings pursuant to R.C. 2929.14(C)(4). It is true that a trial court is not "required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences [but it must be] 'clear from the record that the trial court engaged in the appropriate analysis.'" *State v. Davis,* 8th Dist. Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶8, quoting *State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶12. Although the trial court is not required to recite the statute verbatim, there must be an indication that the court in fact found that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b) or (c). R.C. 2929.14(C)(4).

**{¶18}** For example in *State v. Verity,* 7th Dist. No. 12 MA 139, 2013-Ohio-1158, this court held the trial court made sufficient findings on the record to support consecutive sentences without reciting talismanic language. During Verity's sentencing hearing the trial court stated:

> THE COURT: * * * Well, as everybody is aware, I have the benefit of having the pre-sentence investigation. I am sure your lawyer has gone over it with you. *And of particular interest to the court is that these four different counts are your * * * ninth, tenth, eleventh, twelfth felony count. When you committed these offenses you were already out on community control. In addition to that, you have a minimum of at least 12 prior misdemeanor convictions all involving thievery, theft, criminal trespass,* everything, which

is indicative also, I might add, recognizing you that you have obviously some underlying problem. But your underlying problem, obviously, in the years past has been kicked aside and ignored and obviously must have [sic] recognized that something transpired, at least in this twelfth felony, that it was about time to do something. But at the same time it was a little late. I might also add I am not taking into account you have had more cases dismissed than the average citizen has filed against them. And, obviously, you stood in front of judges and told them that, you know, you are trying to do what you can. * * *

But taking everything into account, particularly your prior criminal history, your history of reoffending, all of a similar nature, and in reviewing the principles and purposes of sentencing, and in particular in reviewing the crimes that you committed while you are under the control of another court, and it shows this court that *consecutive sentencing is needed to protect the public.* And I might also add that in the PSI, in the pre-sentence investigation, it is noted that there was a *very significant loss* of damages.

(Emphasis sic.)   *Verity* at ¶34.

{¶19} Further, in Verity's "sentencing entry, the trial court made a more explicit finding with regard to proportionality: 'The Court finds that in order to protect the public and not punish the Defendant disproportionately and pursuant to § 2929.14(C)(4) that a consecutive prison term is necessary due to Defendant's previous convictions and a high risk of recidivism.' "  *Id.* at ¶36.

{¶20} In ultimately concluding that Verity's sentence was not contrary to law, this court noted that "two of the purposes of Ohio's felony sentencing scheme are to provide the defendant with notice of a definite sentence, and meaningful appellate review if error is alleged.  The sentencing transcript and entry here provide Verity with notice of his definite sentence and why it was imposed; and also provides this court with a record sufficient to conduct a meaningful review."  *Id.*

**{¶21}** And in *State v. Kornegay*, 7th Dist. No. 12 MA 10, 2013-Ohio-658, where the defendant was convicted of violating community control by committing burglary, robbery and receiving stolen property offenses, this court held that the trial court complied with R.C. 2929.14(C)(4) where:

> At sentencing, the trial court found that appellant committed the crimes "during the course of the time period where he was involved in other matters" and that this demonstrated that a sentence on a single term would not adequately represent the seriousness of the offenses and would not adequately protect the public. (Tr. 13–14). The court also noted that recidivism was a "big problem". (Tr. 14). It pointed out that when it gave appellant the opportunity for day reporting and treatment, he was not able to comply. (Tr. 14). Thus, the trial court gave adequate support under R.C. 2929.14(C)(4) for ordering consecutive sentences.

*Kornegay* at ¶19.

**{¶22}** Conversely in *State v. Esmail*, 7th Dist. No. 11 CO 35, 2013-Ohio-2165, this court reversed the trial court's sentence for failing to make sufficient findings pursuant to R.C. 2929.14(C)(4). In *Esmail*, the trial court stated in the sentencing entry that it considered "the purposes and principles of sentencing, and all other relevant factors, (O.R.C. 2929.11 and 12)." *Id.* at ¶22. During the sentencing hearing the trial court, in addition to acknowledging the defendant's prior drug trafficking convictions as noted by the State, made the following findings:

> " * * * I have considered all of the appropriate factors in this case, I believe; including the Presentence Investigation.
> * * *
> "I would also note, sir, back in 2003, according to my review, was the first time that there was some sort of a drug-related offense. I do not believe that you are amendable to Community Control. Again, based on the past

record that I see reflected in the Presentence Investigation."

* * *

"I do believe that this sentence today is consistent with the terms of Senate Bill 86. Again, the primary purposes of which are to protect the public and to punish the offender."

*Esmail* at ¶21.

{¶23} This court held that these findings were insufficient as a matter of law:

The trial court did find that Esmail's sentence was necessary to protect the public and to punish the offender, but this was the only one of the three findings required by R.C. 2929.14(C)(4) the trial court made before imposing consecutive sentences. The trial court did not find that the consecutive sentences are not disproportionate to the seriousness of Esmail's conduct and to the danger he poses to the public. And although the trial court noted Esmail's prior record, it did so in the context of community control; no finding was made with respect to consecutive sentences in light of Esmail's record. While the trial court did state that it believed the sentence was consistent with "Senate Bill 86." this was not enough to comply with R.C. 2929.14(C)(4). Although the trial court was not required to use the exact words of the statute, generally citing to H.B. 86 is not sufficient to show the court made the required statutory findings.

*Esmail* at ¶23.

{¶24} Here, the trial court's findings during the sentencing hearing are even less comprehensive than the trial court's findings in *Esmail.* Further, the trial court's sentencing entry in this case fails to support a conclusion that the court made the required findings. The State cites the Ninth District's opinion in *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094 to support its argument that the trial court is not required to make any findings on the record when imposing consecutive sentences. However, *Just*

dealt with the very narrow argument that the trial court's failure to include its findings *in the sentencing entry* was error; concluding that it was not error because the Legislature *"eliminated the requirement* that the court codify those findings *in its sentencing entry"*. *Id.* at ¶51. Notably, there was no discussion in *Just* about what findings were made at the sentencing hearing itself.

**{¶25}** We need not rely on *Just* for several reasons. First, since the State filed its brief, this District has started building its own body of case law analyzing the sufficiency of sentencing findings under R.C. 2929.14(C)(4). Second, in *Verity,* we reviewed both the sentencing hearing transcript and entry; concluding that the record as a whole was "sufficient to conduct a meaningful review," *Verity* at ¶36, and demonstrated that the findings required by R.C. 2929.14(C)(4) were made. *Id.* at ¶34-35. Third, the trial court here failed to make findings anywhere on the record; either during the sentencing hearing or in the sentencing entry.

**{¶26}** Thus, because the trial court failed to make sufficient finding contemplated by R.C. 2929.14(C)(4) to support consecutive sentences, Bellard's sentence is clearly and convincingly contrary to law.

**{¶27}** Turning to the second step of the *Kalish* review, Bellard argues that his sentence was an abuse of discretion because the trial court unreasonably failed to follow the jointly-recommended sentence.

**{¶28}** However, "a trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004-Ohio-6806, ¶8, *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶13. Here the trial court forewarned Bellard that it was not required to follow the prosecutor's sentencing recommendation, stating: "Do each of you [Bellard and co-defendant] understand your sentence is entirely up to me, regardless of any recommendation?" Bellard replied: "Yes, sir."

{¶29} The sentence imposed by the trial court was not otherwise unreasonable. The trial court found that Bellard, who was 19 years old at the time of sentencing, had a history of juvenile adjudications. *See* R.C. 2929.12(D)(2). Bellard had acknowledged on the record that he was on probation for both juvenile and municipal court cases. From the trial court's statements during sentencing, quoted above, the court did not believe that Bellard had true remorse for his actions. *See* R.C. 2929.12(D)(5). Finally, the trial court found that the crime was especially serious. S*ee* R.C. 2929.12(B). The trial court's sentence was two years greater than the jointly recommended sentence, but still far less than the maximum sentence of twenty-one and a half years. Thus, for these reasons the sentence imposed by the trial court was not an abuse of discretion.

{¶30} In conclusion, Bellard's assignment of error is meritorious in part. The trial court did not make the required findings when imposing consecutive sentences pursuant to R.C. 2929.14(C)(4) as amended by H.B. 86, effective September 30, 2011. Accordingly, the judgment of the trial court with regard to Appellant's sentence is reversed and this cause is remanded for resentencing.

Vukovich, J., concurs.

Waite, J., concurs.