[Cite as *State v. Phillips*, 2019-Ohio-4917.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LORETTA PHILLIPS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0141**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2014 CR 1135

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jonathan Metzler*, Assistant Attorney General, Health Care Fraud Section, 150 East Gay Street, 17th Floor, Columbus, Ohio 43215, for Plaintiff-Appellee, and

*Atty. James Wise*, Hartford & Wise Co., LPA, 91 West Taggart, P.O. Box 85, East Palestine, Ohio 44413, for Appellant-Defendant.

Dated:
November 13, 2019

**DONOFRIO, J.**

{¶1} Defendant-appellant, Loretta Phillips, appeals from a Mahoning County Common Pleas Court judgment re-sentencing her after this court remanded this case for re-sentencing. The trial court re-sentenced appellant to a prison term of 60 months following her convictions for aggravated theft, falsification in a theft offense, and tampering with evidence.

{¶2} Appellant was a counselor and owner of a counseling center in Sebring, Ohio. On October 15, 2013, a Franklin County Grand Jury indicted appellant on one count of aggravated theft, a third-degree felony in violation of R.C. 2913.02(A)(3); one count of falsification in a theft offense, a third-degree felony in violation of R.C. 2921.13(A)(9); and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(2). These charges stemmed from allegations of Medicaid fraud and providing the state with falsified patient records.

{¶3} On October 29, 2014, the Franklin County Common Pleas Court granted appellant's motion for a change of venue and the case was transferred to the Mahoning County Common Pleas Court.

{¶4} The matter proceeded to a jury trial. The jury returned a verdict of guilty as charged. The trial court held a sentencing hearing. The court merged counts one and two. It then sentenced appellant to 30 months on count one and to 30 months on count three to be served consecutively. The court also ordered appellant to pay $102,777.09 in restitution to the Ohio Department of Medicaid and $96,521.79 in restitution to CareSource.

{¶5} Appellant timely appealed arguing that her counsel was constitutionally ineffective, that her speedy trial rights were violated, and that the trial court failed to make the necessary findings to impose consecutive sentences. On September 10, 2018, this court upheld appellant's convictions, but remanded for resentencing finding that the trial court failed to make the required consecutive sentencing findings. *State v. Phillips*, 7th Dist. Mahoning No. 15 MA 0218, 2018-Ohio-3732.

Case No. 18 MA 0141

{¶6} Pursuant to our remand, the trial court held a new sentencing hearing on November 1, 2018. The court sentenced appellant to the same prison term and imposed the same restitution orders.

{¶7} Appellant filed a timely notice of appeal on December 19, 2018. She now raises one assignment of error.

{¶8} Appellant's sole assignment of error states:

THE TRIAL COURT FAILED TO PROPERLY SENTENCE THE DEFENDANT TO CONSECUTIVE SENTENCES.

{¶9} Appellant argues that the trial court failed to properly sentence her to consecutive sentences, asserting that the trial court did not make the requisite R.C. 2929.14(C)(4) findings.

{¶10} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1.

{¶11} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶13} At the resentencing hearing, the trial court made each of the required R.C. 2929.14(C)(4) findings.

{¶14} Specifically, as to the first requirement, the court found "that consecutive sentences are necessary to protect the public from future crime, to punish the defendant." (Nov. 1, 2018 Tr. 14). As to the second requirement, the court found "they are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Nov. 1, 2018 Tr. 14). And as to the third requirement, the trial court found "at least two of the multiple offenses were committed as part of a course of conduct, and the harm caused by two or more of these offenses so committed was so

great and unusual, that no single prison term for any of the offenses committed as part of a course of conduct adequately reflects the seriousness of the offender's conduct." (Nov. 1, 2018 Tr. 14). The court repeated these findings in its sentencing judgment entry.

{¶15} Based on the above, it is clear that the trial court made the required consecutive sentencing findings at the resentencing hearing and in its judgment entry.

{¶16} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶17} For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, P. J., concurs.
D'Apolito, J., concurs.

Case No. 18 MA 0141

[Cite as *State v. Phillips*, 2019-Ohio-4917.]

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**