[Cite as *State v. Beasley*, 2020-Ohio-4142.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TEVIN MARTELL BEASLEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MO 0004

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2017-048

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, 101 North Main Street, Room 15, P.O. Box 430, Woodsfield, Ohio 43793-0430, for Plaintiff-Appellee (No Brief Filed) and

*Atty. Katherine Rudzik,* 26 Market Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: August 14, 2020

**D'APOLITO, J.**

{¶1}   Appellant, Tevin Martell Beasley, appeals from the February 19, 2019 judgment of the Monroe County Court of Common Pleas sentencing him to a total of eight years in prison for aggravated robbery with a firearm specification following a guilty plea. On appeal, Appellant takes issue with his consecutive sentence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On February 24, 2017, Appellant was indicted by the Monroe County Grand Jury on one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with a firearm specification pursuant to R.C. 2941.145.[1] Appellant was appointed counsel, pleaded not guilty at his arraignment, and waived the time limitations provided by R.C. 2945.71.

{¶3}   Thereafter, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to the count and specification as charged in the indictment. The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court ordered a PSI and deferred sentencing.

{¶4}   At the sentencing hearing, Appellee, the State of Ohio, recommended a three-year prison term on the aggravated robbery count and a mandatory three-year consecutive sentence on the firearm specification.

{¶5}   After considering the record, statements, the PSI, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the prison factors pursuant to R.C. 2929.13, the trial court found that consecutive sentences pursuant to R.C. 2929.14 are necessary to protect the public from future crimes and to punish Appellant. The court sentenced Appellant to five years

---

[1] The charge stems from Appellant's involvement in the robbery of a gas station where he entered with a gun and escaped with two co-defendants. Appellant was later arrested in Michigan and eventually returned to Ohio. During the pendency of this case, Appellant was federally convicted and sentenced for unrelated acts.

on the aggravated robbery count and three years on the firearm specification to be served consecutively for a total of eight years in prison, with 197 days of jail-time credit. The court also notified Appellant that post-release control is mandatory for a period of five years.

{¶6}   Appellant filed a timely appeal and raises one assignment of error.[2]

## ASSIGNMENT OF ERROR

**THE CONSECUTIVE SENTENCES IMPOSED IN THE CURRENT CASE WERE NOT SUPPORTED BY THE RECORD.**

{¶7}   When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; R.C. 2953.08(G)(2)(a)-(b).

{¶8}   Regarding consecutive sentences, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or

---

[2] The State did not file a brief.

Case No. 19 MO 0004

more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 41.

{¶9} At the sentencing hearing, the trial judge indicated that she reviewed the PSI, which reveals Appellant's extensive prior convictions and his classification as a "high risk" offender. The judge considered the R.C. 2929.11, 2929.12, and 2929.13 factors. Further, the judge, regarding consecutive sentences pursuant to R.C. 2929.14, specifically stated:

Case No. 19 MO 0004

And the Court also finds that a combination of Community Control Sanctions or any form of Community Control Sanctions or the shortest prison sentence, in this particular case, would demean the seriousness of this Defendant's misconduct, and the Court finds that consecutive sentences are necessary – they are mandatory in this case, with the gun specification.

The Court finds nonetheless that they are necessary to protect the public from any future crimes by this Defendant or others, and to punish this offender, and that this Court finds that consecutive sentences or sentence is not disproportionate to the seriousness of Mr. Beasley's conduct, and the danger that he posed to the public in this County.

(2/13/2019 Sentencing Hearing T.p. 22).

{¶10} Also, in its February 19, 2019 judgment, the trial court stated:

[T]his Court specifically finds that consecutive sentences are necessary to protect the public from future crimes and to punish the Defendant; that consecutive sentences are not disproportionate to the seriousness of the Defendant's misconduct and to the danger the offender poses to the public; and further, that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the misconduct. Further, the Court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Defendant's misconduct.

(2/19/2019 Judgment Entry, p. 2-3).

{¶11} Thus, the trial court found that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(C)(4). The court also found

Case No. 19 MO 0004

the offenses were committed during a course of conduct and that the harm was so great or unusual that a single term does not "adequately reflect the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b).

{¶12} Accordingly, the record before us indicates that the trial court complied with R.C. 2929.14(C)(4). *See Thomas, supra,* at ¶ 41. As a result, we do not find by clear and convincing evidence that the record does not support Appellant's consecutive sentence or that the sentence is contrary to law.

## CONCLUSION

{¶13} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The February 19, 2019 judgment of the Monroe County Court of Common Pleas sentencing Appellant to a total of eight years in prison for aggravated robbery with a firearm specification following a guilty plea is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**