[Cite as *State v. Derrick*, 2024-Ohio-548.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LANCE D. DERRICK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0054**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CR 00449

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Aaron M. Meikle*, for Defendant-Appellant.

Dated: February 13, 2024

**KLATT, J.**

**{¶1}** Appellant, Lance D. Derrick, appeals the trial court's imposition of consecutive sentences for seven counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), felonies of the fourth degree, following his plea of guilty in the Mahoning County Court of Common Pleas. In his sole assignment of error, Appellant contends the trial court did not make the statutory findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. For the following reasons, Appellant's sentence is affirmed.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** The following facts were adduced at the sentencing hearing. Law enforcement received a tip from Internet Crimes Against Children ("ICAC"), a national network of task forces dedicated to investigating, prosecuting, and developing effective responses to internet crimes against children. The ICAC traced thirty-one JPEG files classified as child pornography to an Internet Protocol address owned by Appellant.

**{¶3}** A search predicated upon the tip yielded two mobile telephones, as well as other devices, in Appellant's possession. Law enforcement discovered over one thousand photographs and/or videos of child pornography on the mobile telephones.

**{¶4}** The videos depicted prepubescent girls engaged in various sex acts with adult men and young boys. One of the photos depicted a nine-month old infant in a sexual situation. Appellant subsequently admitted to authorities that he downloaded all of the images.

**{¶5}** Defense counsel had the opportunity to review the images prior to the plea, and described the same by saying "repulsive isn't strong enough." (3/21/23 Sentencing Hrg., p. 7.) The trial court described the sheer number of images found on Appellant's devices as "mind [ ] boggling." (*Id.*, p. 12.)

**{¶6}** Appellant was indicted on fifteen counts of pandering obscenity involving a minor. On February 8, 2023, Appellant entered into a Crim.R. 11 agreement, in which the state dismissed eight of the counts in exchange for Appellant's plea of guilty to the

remaining seven counts. The agreement further indicated the state would seek an aggregate seven-year prison term.

{¶7} On March 21, 2023, the trial court imposed one-year sentences for each of the respective counts to be served consecutively. Next, the trial court explained Appellant would be subject to a mandatory five-year term of post-release control, and the consequences of a violation of post-release control and/or committing another felony during that time.

{¶8} At that point, the trial court inquired as to whether there was any credit to be applied to Appellant's sentence for time served. The following colloquy occurred between the trial court and the state:

> THE STATE: Your Honor, I believe there are two things that we need to do go through. Number one –
>
> THE TRIAL COURT: Sexual offender registry.
>
> THE STATE: Correct. And number two, the consecutive sentence language has to be put on the record.
>
> THE TRIAL COURT: [That is] right. [I am] sorry. I did have that prepared but I had to rush threw [sic] it.

(*Id.*, p. 15-16.)

{¶9} As a consequence, the trial court explained Appellant was required to register as a sexual offender. Next, the trial court made the following findings with respect to the seven-year aggregate sentence:

> With regard to the sentence that was imposed previously, that sentence is imposed consecutively and according to – or pursuant to Revised Code Section 2929.14(C)(4), consecutive sentences are imposed because [they are] necessary to protect the public from future crime or to punish the defendant. [They are] not disproportionate to the seriousness of the [Appellant's] conduct and the danger that the defendant poses to the public

and these – in addition to some criminal history, the offenses were committed during the course of conduct, and the harm was so great or unusual that a single term does not reflect the seriousness of the [Appellant's] conduct.

(3/21/23 Sentencing Hrg., p. 17.)

{¶10} The sentencing entry reads in relevant part:

Pursuant to [R.C.] 2929.14(C)(4), the Court finds that a consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the Court further finds that pursuant to [R.C.] 2929.14(C)(4)(b) the offenses were committed during a course of conduct and the harm was so great/unusual that a single term does not reflect the seriousness of [Appellant's] conduct. In addition, the Court further finds that pursuant to [R.C.] 2929.14(C)(4)(a) [Appellant] was under post-release control, specified statutory control, or awaiting trial/sentencing.

(3/22/2023 Sentencing Entry, p. 2.)

{¶11} This timely appeal followed.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT FAILED TO MAKE TIMELY, NECESSARY, AND ADEQUATE FINDINGS FOR THE IMPOSITION OF CONSECUTIVE SENTENCES.**

{¶12} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; R.C. 2953.08(G)(2)(a)-(b). The Ohio Supreme Court has defined "clear and convincing

evidence" as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶13} Regarding consecutive sentences, R.C. 2929.14(C)(4) reads:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶14} In *State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, we observed:

<u>Case No. 23 MA 0054</u>

It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found[:] (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*Id.* at ¶ 41.

**{¶15}** In his sole assignment of error, Appellant advances two arguments. First, the imposition of consecutive sentences prior to the trial court's articulation of the statutory factors reveals the statutory factors were "merely an afterthought and not actually factored into the sentencing court's decision to impose consecutive sentences." (Appellant's Brf., p. 3.) Second, the trial court did not reach a conclusion regarding the necessity of protecting the public and punishing the offender, but instead merely read the statute into the record. Specifically, the trial court stated, "[w]ith regard to the sentence that was imposed previously, that sentence is imposed consecutively and according to -- or pursuant to Revised Code Section 2929.14(C)(4), consecutive sentences are imposed because [they are] necessary to protect the public from future crime *or* to punish the defendant. (Emphasis added) (3/21/23 Sentencing Hrg., p. 17.)

**{¶16}** With respect to Appellant's first argument, we find the timing of the trial court's statement regarding the statutory factors does not demonstrate the trial court did not consider the statutory factors prior to the imposition of sentence. In addition to its

statutory obligation pursuant to R.C. 2929.14(C)(4), the trial court was required to provide notice of various aspects of the sentence, including post-release control and registration requirements. Appellant cites no case law requiring the trial court to address the statutory factors immediately following the imposition of sentence. Moreover, the trial court clearly stated it had prepared its findings with respect to the imposition of consecutive sentences prior to the hearing.

{¶17} We addressed Appellant's second argument, the trial court's use of the statute's conditional language – "or," in *State v. Williams*, 7th Dist. Mahoning No. 16 MA 0041, 2017-Ohio-856. At the sentencing hearing in *Williams*, the trial court ordered consecutive sentences accompanied by the following relevant findings:

> The court further finds that there was a conviction for multiple offenses and the court will therefore require the defendant to serve consecutive time, which is necessary to protect the public from future crime and punish – and/or to punish the offender, and is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

*Id.*, ¶ 15. We concluded the trial court's findings at the sentencing hearing, despite the conditional language, complied with R.C. 2929.14(C)(4) and the *Bonnell* mandates. The same is true here.

{¶18} For the foregoing reasons, we find Appellant's sole assignment of error is meritless, and the trial court's imposition of consecutive sentences is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 23 MA 0054

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**