[Cite as *State v. Kempvanee*, 2023-Ohio-1497.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHAUN KEMPVANEE AKA
SHAWN KEMPVANEE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 CO 0015

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2021 CR 476

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, 135 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, Ohio 44333, for Defendant-Appellant.

Dated: May 4, 2023

---

**HANNI, J.**

{¶1} Defendant-Appellant, Shawn P. Kempvanee, appeals from a Columbiana County Common Pleas Court judgment convicting him of one count of compelling prostitution, one count of attempted unlawful sexual conduct with a minor, and 50 counts of pandering obscenity involving a minor or impaired person, following his guilty plea and the sentence that followed.

{¶2} In August 2021, the Mahoning Valley Human Trafficking Task Force posted an online advertisement purporting to be from an adult female prostituting herself and her 14-year-old daughter. Appellant responded to the advertisement and offered $200 in exchange for sexual acts by the mother and daughter. Appellant drove to an agreed-upon location to engage in the transaction. He was arrested and taken into custody.

{¶3} During his subsequent interview at the East Palestine Police Department, Appellant admitted to possessing images of child pornography. Officers searched Appellant's trailer where they found electronic devices containing thousands of images of child pornography.

{¶4} On October 13, 2021, a Columbiana County Grand Jury indicted Appellant on one count of compelling prostitution, a third-degree felony in violation of R.C. 2907.21(A)(2)(b); one count of prostitution, a third-degree misdemeanor in violation of R.C. 2907.25(A); one count of attempted unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2923.02 and RC. 2907.04(A); one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A); and 75 counts of pandering obscenity involving a minor or impaired person, fourth-degree felonies in violation of R.C. 2907.321(A)(5). Appellant initially entered a not guilty plea.

{¶5} Following plea negotiations with Plaintiff-Appellee, the State of Ohio, Appellant changed his plea to guilty to compelling prostitution, attempted unlawful sexual conduct with a minor, and 50 counts of pandering obscenity involving a minor or impaired person. In exchange, the state agreed to dismiss the charges of prostitution, possessing criminal tools, and 25 counts of pandering obscenity involving a minor or impaired person. The state also agreed to recommend a 20-year sentence. The trial court accepted Appellant's change of plea, ordered a pre-sentence investigation, and set the matter for sentencing.

Case No. 22 CO 0015

**{¶6}** The court held Appellant's sentencing hearing on April 21, 2022. At the hearing, the state recommended an aggregate sentence of 20 years, as it had agreed to in the plea deal. The trial court listened to statements by the state, defense counsel, and Appellant.

**{¶7}** The court then sentenced Appellant to 18 months in prison for compelling prostitution and 18 months for attempted unlawful sexual conduct with a minor to be served concurrently with each other. The court sentenced Appellant to 12 months on each of the pandering obscenity involving a minor or impaired person counts to be served consecutively to each other and consecutively to the other prison terms, for a total sentence of 51½ years. The court also designated Appellant as a Tier II sex offender.

**{¶8}** Appellant filed a timely notice of appeal on May 16, 2022. He now raises two assignments of error for our review.

**{¶9}** Appellant's first assignment of error states:

THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW FOR FAILING TO MAKE THE REQUIRED FINDINGS TO IMPOSE CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4).

**{¶10}** Appellant argues that the trial court failed to make the third of the three R.C. 2929.14(C)(4) findings required to impose consecutive sentences. He claims the court used general language instead of the specific language required by R.C. 2929.14(C)(4)(b) by referring to "a course of conduct" instead of "one or more courses of conduct" in linking two or more offenses together. Appellant also argues the trial court failed to find that the harm caused by two or more of the offenses was so great or unusual that no single prison term adequately reflected the seriousness of his conduct.

**{¶11}** An appellate court's standard for review on sentencing matters is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). Instead, when reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶12}** The Ohio Supreme Court recently addressed an appellate court's standard when reviewing consecutive sentences:

[A]ppellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings.

*State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 1.

**{¶13}** R.C. 2929.14(C)(4) requires a trial court to make specific findings before imposing consecutive sentences:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning, 2015-Ohio-4100, 43 N.E.3d 797, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶15}** In sentencing Appellant to consecutive sentences, the trial court first found that "consecutive prison sentences are necessary to punish you, to protect the public from future crimes[.]" (Tr. 22). The court next found that "consecutive sentences are not disproportionate to the seriousness of the conduct and the danger that you pose to the public." (Tr. 22). The court repeated these findings in the sentencing judgment entry. Appellant does not dispute that the trial court made these first two statutorily required findings.

**{¶16}** As to the third statutorily required finding, the trial court stated: "I also find the offenses were committed during a course of conduct that the harm was so great or unusual that no single prison term adequately reflects the seriousness of your conduct." (Tr. 22). The court also repeated this finding in the sentencing judgment entry. Appellant contends this language does not satisfy R.C. 2929.14(C)(4)(b).

**{¶17}** The trial court's finding satisfies R.C. 2929.14(C)(4)(b). The Ohio Supreme Court has stated that "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in

the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. We can discern from the court's finding that (1) Appellant's multiple offenses, (2) were committed during a course of conduct, (3) the harm was great and unusual, so that (4) a single prison term would not adequately reflect the seriousness of Appellant's conduct. The trial court was not required to use "magic words" from the statute. *Bellard*, 2013-Ohio-2956, ¶ 17.

**{¶18}** Because the trial court made each of the statutorily required findings in imposing consecutive sentences, Appellant's sentence is not contrary to law.

**{¶19}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶20}** Appellant's second assignment of error states:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4) WAS NOT SUPPORTED BY THE RECORD.

**{¶21}** Here, Appellant contends consecutive sentences are not supported by the record. He points out he had no prior criminal history before this case, aside from minor traffic offenses. He also contends there was no support in the record for the court's finding that his criminal behavior dated back to 2018, when he was living with his brother's family in Texas. Next, Appellant notes that the state only recommended a 20-year sentence. And he mentions that prior to his arrest, he was gainfully employed. Finally, Appellant points out that he asked the trial court for rehabilitation and that he demonstrated genuine remorse for his actions.

**{¶22}** Recently, in *Gwynne*, the Ohio Supreme Court held "that based on the language of R.C. 2929.14(C)(4), the consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences. Rather, these findings must be made in consideration of the aggregate term to be imposed." *Gwynne*, 2022-Ohio-4607, at ¶ 1.

**{¶23}** The *Gwynne* Court elaborated on the appellate review standard, noting that while an appellate court essentially functions in the same manner as the trial court when imposing consecutive sentences, there are three differences the appellate court must

heed. *Id.* at ¶ 21. First, "the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made." *Id.* The Court explained that an appellate court cannot determine for itself which of the three R.C. 2929.14(C)(4)(a)-(c) findings might apply. *Id.* Second, while the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence, the appellate court's standard of proof is clear and convincing evidence. *Id.* Third, "is the inversion of the ultimate question before the court." *Id.* The Court elaborated on this point noting that while "the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record." *Id.*

**{¶24}** The Ohio Supreme Court went on to set out "practical guidance" for appellate review. Here, it emphasized the steps set out above and then elaborated on some points. Specifically, the Court noted that "[a] record that is devoid of evidence simply cannot support the findings required by R.C. 2929.14(C)(4); there must be an evidentiary basis upon which these findings rest." *Id.* ¶ 28. The Court stated that whatever evidentiary basis there is, it must be adequate to fully support the trial court's consecutive-sentence findings. *Id.* at ¶ 29. It emphasized that an "appellate court is, in fact, authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results." *Id.*

**{¶25}** It is with this standard in mind, that we turn now to examine Appellant's consecutive sentences.

**{¶26}** Prior to the sentencing hearing, the trial court reviewed Appellant's PSI. At the sentencing hearing, the court noted some of things it learned from the PSI that it considered in determining Appellant's sentence. The court noted that while Appellant did not get caught until 2021, when he responded to an online advertisement for sex with a mother and 14-year-old girl, his conduct reached back years before 2021. (Tr. 17). It

pointed out that in 2018, Appellant was living with his brother's family in Texas, which included his young nieces. (Tr. 17). When the police searched Appellant's trailer, they found numerous electronic devices containing 1,241 videos of child pornography or minors in a state of nudity and 7,800 images of child pornography or minors in a state of nudity. (Tr. 17). These images included Appellant's own nieces, which Appellant traded online for additional child pornography. (Tr. 18). These videos included videos of Appellant engaging in sex acts with his young nieces. (Tr. 18). There were also images of children younger than five years old performing sex acts on adult males. (Tr. 17). The court stated that while Appellant did not have a criminal history, the facts of the case dispelled any notion that Appellant has led a law-abiding life. (Tr. 21). A review of the PSI supports each of the court's findings.

{¶27} Given the PSI and the trial court's reliance on this information, the evidence supports the trial court's findings and the imposition of consecutive sentences. The vast number of images/videos of child pornography, the many years they spanned, and the fact some of them included Appellant's own nieces all played into the trial court's decision to impose consecutive sentences.

{¶28} Thus, after review, we cannot find that the record clearly and convincingly does not support the trial court's consecutive-sentence findings.

{¶29} Accordingly, Appellant's second assignment of error is without merit and is overruled.

{¶30} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

Case No. 22 CO 0015

[Cite as *State v. Kempvanee*, 2023-Ohio-1497.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**