# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DONAVIN CHIPPS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0053**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 528

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Mark Lavelle*, for Defendant-Appellant.

Dated: February 21, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Donavin Chipps, appeals from a Mahoning County Court of Common Pleas judgment sentencing him to consecutive sentences for rape, sexual battery, and gross sexual imposition (GSI). The court sentenced Appellant to a total of 27 years in prison by ordering the following sentences to run consecutively: 11 years for rape; 8 years for sexual battery; 18 months for unlawful sexual conduct with a minor; 60 months on one count of GSI; and 18 months for another GSI count. Appellant asserts that the trial court failed to make all findings necessary in order to impose consecutive sentences.

{¶2} We find that the trial court's sentencing findings are sufficient and we cannot "clearly and convincingly find that the record did not support the trial court's consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, --N.E.--, ¶ 26.

{¶3} On August 26, 2021, Appellant was secretly indicted on two counts of first-degree felony rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b) and 2907.02(B) (Counts 1 and 2); two counts of first-degree felony rape of a child less than 13 and less than 10 years old in violation of R.C. 2907.02(A)(1)(b) and 2907.02(B) (Counts 4 and 5); one count of fourth-degree felony unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and 2907.04(B)(1) (Count 3); and two counts of third-degree felony GSI in violation of R.C. 2907.05(A)(4) and 2907.05(C)(2) (Counts 6 and 7). Counts 1-2 concerned A.G., who was 11 or 12 years old at the time of the offenses. Count 3 concerned K.S., who was 15 years old at the time of the offense. Counts 4-7 concerned A.G.'s brother, also A.G., who was 6-7 years old at the time of the offenses.

{¶4} A superseding indictment was filed adding an eighth count for fourth-degree felony GSI as to the victim J.O., with an allegation that J.O.'s ability to resist or consent was substantially impaired due to a mental or physical condition.

{¶5} On January 3, 2023, Appellant, through counsel, filed a motion for relief from prejudicial joinder. Appellant asserted that the court should sever the counts in the indictment since they involved overlapping dates of the offenses and different victims. The State filed a notice of intent to use other acts evidence. The court held a hearing on the motions and overruled Appellant's motion for relief from joinder and sustained in part and overruled in part the State's notice of intent to use other acts evidence.

**{¶6}** On February 6, 2023, the trial court held a plea hearing and appellant entered a guilty plea to: Count 1 an amended charge of second-degree sexual battery in violation of R.C. 2907.03(A)(9) and (B); Count 3 fourth-degree felony unlawful sexual conduct with a minor as charged; Count 4 felony-one rape as charged; and Counts 6 and 8 third-degree and fourth-degree felony GSIs as charged. The court dismissed the remaining charges at the request of the State.

**{¶7}** At the plea hearing, the court reviewed Appellant's constitutional and non-constitutional rights and the waiver of those rights upon pleading guilty. (Pl. Hearing at 5-8). Appellant stated that he understood his rights and waiver. (Pl. Hearing at 5-8).

**{¶8}** The court also informed Appellant that Count 1 to which he was pleading guilty required a maximum sentence of 8 years in prison with a fine. (Pl. Hearing at 8). The court informed Appellant that the maximum term for Count 3 was 18 months in prison; Count 4, as amended, carried a maximum of 11 years in prison; Count 6 carried a maximum term of 60 months in prison; and Count 8 carried a maximum 18 month prison term. (Pl. Hearing at 9). The court advised Appellant that the State would be recommending a total of 27 years in prison at the sentencing and noted that it was not an agreed-upon term. (Pl. Hearing at 9). The court also advised Appellant of sex offender registration and notification requirements. (Pl. Hearing at 11).

**{¶9}** On February 8, 2023, the court issued a judgment entry regarding the plea hearing. The court stated the charges to which Appellant entered his guilty plea and scheduled the sentencing hearing.

**{¶10}** At the sentencing hearing, two of the victims testified, as well as the mother of two of the victims. (Sent. Tr. at 3-13). A third victim was present in the courtroom and the prosecution made a statement on his behalf. (Sent. Tr. at 13-14). Appellant also made a statement. (Sent. Tr. at 21-24). The prosecution recommended consecutive sentences totaling 27 years in prison. The defense requested concurrent sentences totaling 11 years in prison.

**{¶11}** The court indicated that it had reviewed the presentence investigation report and a sentencing memorandum by Appellant's counsel, which included letters in support of Appellant. (Sent. Tr. at 30). The court further noted that it considered all of the

sentencing factors under R.C. 2929, *et seq.* and the victim impact statements. (Sent. Tr. at 30).

**{¶12}** The court acknowledged Appellant's taking of responsibility by pleading guilty. (Sent. Tr. at 31). The court further noted Appellant's tragic childhood, mental health issues, and substance abuse. (Sent. Tr. at 31). However, the court also remarked that the indictment was amended to remove the life specification as to the rape counts. (Sent. Tr. at 31). The court also noted the young ages of the victims and Appellant's preying on the victims since he was living in the home of two of them and was looked up to as a big brother. (Sent. Tr. at 33).

**{¶13}** The court informed Appellant that he was not eligible for community control based on the rape conviction. (Sent. Tr. at 33). The court sentenced Appellant to: 8 years in prison on the amended Count 1 sexual battery conviction; 18 months in prison for Count 3 unlawful sexual conduct with a minor; 11 years for Count 4 rape; 60 months for the Count 6 GSI, and 18 months for the Count 8 GSI. (Sent. Tr. at 33-34). The court further found that consecutive sentences were necessary to protect the public, to punish Appellant, and consecutive sentences were not disproportionate to the crimes. (Sent. Tr. at 34). The court additionally stated that the harm was so great and unusual that a single term would not adequately reflect the seriousness of the crimes. (Sent. Tr. at 34). The court further informed Appellant of his requirements for post-release control and registering as a Tier III sex offender. (Sent. Tr. at 35-38).

**{¶14}** On April 7, 2023, the court issued its judgment entry sentencing Appellant to a total term of 27 years in prison by ordering that the sentences in Counts 1, 3, 4, 6, and 8 run consecutively to one another.

**{¶15}** On April 21, 2023, Appellant filed a notice of appeal. In his sole assignment of error, Appellant asserts:

**THE TRIAL COURT FAILED TO MAKE THE REQUIRED FINDINGS, PURSUANT TO R.C. 2929.14(C)(4), TO IMPOSE CONSECUTIVE SENTENCES**.

**{¶16}** Citing our decision in *State v. Williams*, 2015-Ohio-4100, 43 N.E.3d 797 (7th Dist.), ¶ 33-34, Appellant asserts that in order to impose consecutive sentences, the trial

court must make consecutive sentence findings at the sentencing hearing and incorporate those findings into its judgment entry. He notes that the Ohio Supreme Court readdressed consecutive sentencing review in *State v. Gwynne*, 2022-Ohio-4607, --N.E.3d--, and held that deference is not given to the trial court's order of consecutive sentences. Quoting *Gwynne, supra*, at ¶ 23, Appellant submits that the evidentiary standard of appellate review is de novo and we therefore must "have a 'firm belief' or 'conviction' that the findings are not supported by the evidence in the record."

**{¶17}** Appellant further contends that in *Gwynne,* the Ohio Supreme Court provided guidance on appellate review of consecutive sentence orders. Appellant submits that the Court set forth a two-fold review of consecutive sentences. The first step is to determine whether the record contains the required findings under R.C. 2929.14(C). The second is if the requisite findings were made, the appellate court then determines whether the record clearly and convincingly supports those findings.

**{¶18}** Appellant asserts that the trial court here failed to make any findings under R.C. 2929.14(C)(4)(a), (b), or (c) at the hearing or in its judgment entry and remand is required for the trial court to impose a proper sentence.

**{¶19}** Appellant's sole assignment of error lacks merit. An appellate court's standard for review on sentencing matters is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). Instead, when reviewing a felony sentence, an appellate court must affirm the sentence unless the evidence clearly and convincingly fails to support the trial court's findings under the sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶20}** As Appellant notes, the Ohio Supreme Court addressed an appellate court's standard when reviewing consecutive sentences:

> [A]ppellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings.

*State v. Gwynne*, 2022-Ohio-4607, ¶ 1.

**{¶21}** However, the Ohio Supreme Court vacated this decision. In *State v. Gwynne*, 2023-Ohio-3851, --N.E.3d--, the Court held that the de novo standard of review expressed in *Gwynne,* 2022-Ohio-4607*,* was contrary to the plain language used by the legislature in R.C. 2953.08(G)(2). *Id.* The Court reasoned that an "appellate court may not defer to the trial court's consecutive-sentence findings while at the same time exercising an independent power of review." Consequently, the Court vacated its decision in *Gwynne*, 2022-Ohio-4607 and held that "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Gwynne,* 2023-Ohio-3851.

**{¶22}** With this in mind, R.C. 2929.14(C)(4) provides that:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23}  Here, Appellant contends that the trial court failed to make any findings under R.C. 2929.14(C)(4)(a), (b), or (c).  As Appellee correctly pointed out, R.C. 2929.14(C)(4)(a) does not apply because Appellant was not awaiting trial or sentencing or under post-release control or other sanction when the offenses were committed.  Appellee also correctly noted that R.C. 2929.14(C)(4)(c) does not apply because Appellant had no prior criminal history.  Accordingly, the trial court was not required to make any findings as to these subsections.

{¶24}  This leaves R.C. 2929.14(C)(4)(b).  This part of the statute requires a trial court finding that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶25}  At the sentencing hearing, the trial court stated that it found that consecutive sentences were necessary to "protect the public, to punish you; that they are, in fact, not disproportionate; and that the harm was so great or unusual, that a single term does not adequately reflect the seriousness of your conduct."  (Sent. Tr. at 34).  In its sentencing entry, the court stated that it found, "pursuant to R.C. 2929.14(C)(4), that consecutive sentences were necessary in order to protect the public, to punish Defendant, that consecutive sentences are not disproportionate, and that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." (Sent. Entry).

{¶26}  While a trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words when imposing consecutive sentences, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c).

*State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2020-Ohio-3579, ¶ 72, citing *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. Similar to R.C. 2929.11 and R.C. 2929.12, the court is not required to give its reasons for making those findings. *Id.*, citing *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38.

**{¶27}** A trial court that imposes a consecutive sentence must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The transcript of the sentencing hearing must make it "clear from the record that the trial court engaged in the appropriate analysis." *State v. Hill*, 7th Dist. Carroll No. 13 CA 892, 2014-Ohio-1965, ¶ 27.

**{¶28}** Appellant is correct that the trial court did not use the specific language of R.C. 2929.14(C)(4)(b) at the sentencing hearing or in its sentencing entry that at least two multiple offenses were committed as part of one or more courses of conduct and the harm caused by those offenses or courses of conduct was so great or unusual that no single prison term adequately reflects the seriousness of the defendant's conduct.

**{¶29}** However, the court did state at the hearing and in its sentencing entry the latter part of this finding in that it stated that "the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." (Sent. Tr. at 34; Sent. J.E.). In addition, the court stated at the sentencing hearing that it considered all of the factors in R.C. 2929 and it considered the victim impact statements. (Sent. Tr. at 30). The court further stated at the sentencing hearing:

> I can't imagine the lifelong guilt that Ms. Taylor has indicated she lives with day in and day out, and the only thing that I can offer is that, from everything I've seen and read and heard, there's no way you could have known. I looked at, and I've heard you say that you struggled at the time with your sexual orientation, and I might be able to accept that more if the victims in this case were not children. And these acts occurred when they were in their teens, although certainly unacceptable in your position living in the house, in your position as a big brother, in your position of authority, you preyed on them. And I've listened to you this morning, and obviously, it's

hard - - you sound remorseful.  You may well be, but the harm that you have done them is such that you may have an opportunity to resolve your issues, it certainly seems that their struggles are going to continue, perhaps for much longer than yours, through absolutely no fault of their own.

(Sent. Tr. at 32-33).

**{¶30}** We hold that these findings are sufficient to meet the requirements for imposing consecutive sentences.  We therefore uphold the trial court's findings because we cannot "find that they are clearly and convincingly not supported by the record." *Gwynne,* 2023-Ohio-3851.

Waite, J., concurs.

Klatt, J., concurs.

[Cite as *State v. Chipps*, 2024-Ohio-672.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**